**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:13-CV-P26-M**

**DANIEL LEE CREECH**                                                                                **PLAINTIFF**

**v.**

**DEPUTY BELL**                                                                                         **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff, Daniel Lee Creech, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is a convicted inmate at the Henderson County Detention Center (HCDC), names as Defendant Deputy Bell in his individual and official capacities.  Plaintiff alleges that on February 14, 2013, Defendant entered the dorm for rounds at which point an inmate made some kind of noise.  Defendant Bell asked who made the noise, and, when no one answered, he "proceeded to walk around the dorm and 'jump' at people in an aggressive manner as if he were going to attack them, saying 'was it you!?'"  Then, Defendant Bell yelled, "'Bunch of fu**ing pus**es.'  At this point a few inmates protest his behavior to which he retorted 'You can suck my d**k and if you don't like it, I'm at the Fast Fuel Station up the road at 10:30 every night. Come meet me."  Plaintiff alleges that he feels that he was assaulted verbally and sexually by Defendant's lewd comments and "attempt to coerce [him] into escaping from the facility to fight him."  He also alleges that he feels that he was physically assaulted by Defendant when he jumped toward him from less than two feet away.  He states that he believes that his

constitutional right to be free of cruel and unusual punishment was violated.  Additionally, he

alleges that his right to due process had been violated "as there should be a procedure for

dealings between officers and inmates."  As relief, he asks for monetary and punitive damages

and injunctive relief in the form of having Defendant relieved of his job.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a

light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Eighth Amendment claim

The Eighth Amendment prohibits cruel and unusual punishment, including inflictions of

pain that are "'totally without penological justification.'"  *Rhodes v. Chapman*, 452 U.S. 337,

346 (1981) (internal citations omitted).  However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)

Here, the allegations made by Plaintiff about Defendant's alleged taunts, threats, and name-calling simply do not rise to the level of an Eighth Amendment violation.  The Sixth Circuit has held that harassing or degrading language by a prison official, although unprofessional and despicable, does not amount to a constitutional tort.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d at 954-55; *see also Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Although Plaintiff alleges that he feels he was physically assaulted when Defendant jumped at him from less than two feet away, such behavior does not rise to the level of a constitutional violation any more than the verbal taunts Defendant allegedly made.  *See Johnson*, 357 F.3d at 545-46 (holding allegations of, for example, a guard who "continuously bangs and kicks [the plaintiff's] cell door, throws his food trays through the bottom slot of his cell door so hard that the top flies off, makes aggravating remarks to him, makes insulting remarks about his hair being too long, growls and snarls through his window, smears his window to prevent him from seeing out of it, behaves in a racially prejudicial manner toward him and jerks and pulls him unnecessarily hard when escorting him from his cell" does not establish Eighth Amendment

3

violation); *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (holding mere

threatening language and gestures not a constitutional violation). Consequently, Plaintiff fails to

state an Eighth Amendment claim.

### *Due-process claim*

Plaintiff alleges that there should be a procedure for "dealing between officers and

inmates." He continues, "It is ludicrous that this behavior is allowed to go on in a facility since

the inmates have no means of protecting themselves against such instances. I have the right to

feel safe and not to be threatened."

An inmate grievance procedure within the prison system is not constitutionally required.

*See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*,

*Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S.

520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. Cnty. of Saganaw*,

437 F. Supp. 582, 601 (E.D. Mich. 1977). Additionally, the Sixth Circuit has held that there is

no constitutionally-protected due process right to an effective prison grievance procedure, if the

prison does offer such a procedure. *See Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir.

2003) (citing cases). Thus, Plaintiff has not alleged a due-process violation.

## III. **CONCLUSION**

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:   June 3, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Defendant
4414.009

5